## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| v. | } | Case No.  7:21-cr-305-LSC-SGC |
| | } | |
| Dayquan A. Haley | } | |
| Defendant. | } | |

SEP 29 2021 AM10:37
RECEIVED USMS NDAL

### SEALED WARRANT FOR ARREST

TO:   The United States Marshal
And Any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Dayquan A. Haley at 44 Westville Street,

Apt. 2, Boston, MA 02124   and bring him or her forthwith to the nearest magistrate judge to

answer a(n) **Indictment** charging him or her with:

### SEE ATTACHED

SHARON N. HARRIS
Name of Issuing Officer

Signature of Issuing Officer

Clerk, United States District Court
Title of Issuing Officer

September 29, 2021 – Birmingham, AL
Date and Location

Bail fixed at $ _____ by _____
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ _____ | | |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | Copy COPY Copy Copy | Copy COPY Copy Copy |

ATF   KRIS BRANTLEY

PFE/KMP October 2021
GJ#13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No.** |
| **DAYQUAN A. HALEY** | ) |

## <u>I N D I C T M E N T</u>

### <u>INTRODUCTION</u>

The Grand Jury charges that:

At all times material to this indictment:

1. Defendant **DAYQUAN A. HALEY** was a resident of metro-Boston, Massachusetts who was acquainted with individuals in and around Uniontown, Alabama. As a Massachusetts resident, **HALEY** could not buy handguns from licensed dealers of firearms in Alabama and take them back to Massachusetts. *See* Title 18, United States Code, Section 922(b)(3) and Title 27, Code of Federal Regulations, Section 478.29 and 478.99.

2. Co-conspirator A was a resident of metro-Boston, Massachusetts, who was acquainted with individuals in and around Uniontown, Alabama. As a Massachusetts resident, Co-conspirator A could not buy handguns from licensed dealers of firearms in Alabama and take them back to Massachusetts. *See* Title 18, United States Code,

Section 922(b)(3) and Title 27, Code of Federal Regulations, Section 478.29 and 478.99.

3. Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop, was a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code. Wade's Pawn Shop operated in Tuscaloosa County, Alabama.

4. A person receiving/buying a firearm from a federally licensed dealer of firearms ("transferee/buyer") routinely completes and certifies the accuracy of a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record ("Form 4473") pertaining to the transaction. The Form 4473 provides the licensee/seller with "information . . . [to] determine if he/she may lawfully sell or deliver a firearm to" the transferee/buyer. The representations on that form are material to the background-check process required for the sale. One such material representation on each Form 4473 is the identity of the "actual transferee/buyer."

## COUNT ONE:  [18 U.S.C. § 371]

1. The Grand Jury hereby realleges and incorporates paragraphs 1 through 4 of the Introduction section of this indictment as though fully realleged herein.

2. From in or about November 2019, to in or about July 2020, in Tuscaloosa County, within the Northern District of Alabama, and elsewhere, the defendant,

### DAYQUAN A. HALEY,

2

knowingly, willfully, and unlawfully combined, conspired, confederated, and agreed with Co-conspirator A and other individuals known and unknown to the Grand Jury, to commit offenses against the United States, that is, in connection with the acquisition of certain firearms from licensed dealers of firearms, knowingly making and causing to be made by false and fictitious written statements to the respective licensed dealers of firearms, which statements were intended and likely to deceive employees of each licensed dealer of firearms as to a fact material to the lawfulness of each sale of the said firearms under chapter 44 of Title 18, by executing a Form 4473 to the effect that certain named individuals were the actual transferees/buyers of the firearms indicated on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record, when, in fact, as he then knew, those named individuals were not the actual transferees/buyers of the firearms, in violation of Title 18 United States Code, Section 922(a)(6), all in violation of Title 18, United States Code, Section 371.

## OBJECT OF THE CONSPIRACY

3. It was the object of the conspiracy for **HALEY**, Co-conspirator A, and others known and unknown to the Grand Jury to obtain firearms that they could not purchase lawfully from licensed dealers of firearms in Tuscaloosa County, Alabama, and elsewhere.

## MANNER AND MEANS

4. **HALEY** would and did partner with individuals who could buy guns in

3

Alabama from licensed dealers of firearms ("straw purchasers").

5. Straw purchasers bought firearms from licensed dealers of firearms in Alabama and turned the firearms over to **HALEY**, Co-Conspirator A, and others known and unknown to the Grand Jury.

6. Although they knew that they would be turning the firearms over to **HALEY**, Co-Conspirator A, and others known and unknown to the Grand Jury, straw purchasers completed Forms 4473 with materially false information that the respective straw purchaser was the actual buyer/transferee for each respective firearm.

### OVERT ACTS

7. In furtherance of the conspiracy, and to accomplish the purpose and object thereof, **HALEY** and others known and unknown to the Grand Jury committed and caused to be committed, in the Northern District of Alabama and elsewhere, the following overt acts, among others:

### MARCH 2020

a) On or about March 7, 2020, Demarcus Walker purchased the following nine firearms from Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop:

   i. a Taurus .380 caliber pistol – serial number 1F168008
   ii. a Taurus .380 caliber pistol – serial number 1F160720
   iii. a Taurus .380 caliber pistol – serial number1F100002
   iv. a Taurus .380 caliber pistol – serial number 1F165063
   v. a SCCY 9mm pistol – serial number 786189
   vi. a Ruger .380 caliber pistol – serial number 372229343

4

vii.    a Keltec .380 caliber pistol – serial number J0Q32
viii.   a Tanfoglio .380 caliber pistol – serial number P001650, and
ix.     a Keltec .32 caliber pistol – serial number D0C89.

b) Demarcus Walker facilitated this transaction by knowingly providing materially false information on a Form 4473 indicating that he was the actual buyer/transferee of these nine firearms.

c) After Demarcus Walker received the firearms from the March 7, 2020 purchase, they were transferred to **HALEY** at some point.

d) On March 9, 2020, Demarcus Walker purchased the following five firearms from Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop:

i.      a Taurus 9mm pistol – serial number AAL031399
ii.     a Springfield 9mm pistol – serial number S3908642
iii.    a Smith & Wesson 9mm pistol – serial number FXV9365
iv.     a Taurus 9mm pistol – serial number TMU07213, and
v.      a Glock .380 caliber pistol – serial number ADAT454.

e) Demarcus Walker facilitated this transaction by knowingly providing materially false information on a Form 4473 indicating that he was the actual buyer/transferee of these five firearms.

f) After Demarcus Walker received the firearms from the March 9, 2020 purchase, they were were transferred to **HALEY** at some point.

g) On March 11, 2020, the South Carolina Highway Patrol stopped **HALEY** and another individual, in Lexington, South Carolina. South Carolina officers recovered nineteen firearms in the car with **HALEY**. Fourteen of the firearms that law enforcement recovered were purchased by Demarcus Walker on

March 7, 2020 and March 9, 2020 from Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop.

## JULY 2020

h) In or about early July 2020, **HALEY** and Co-conspirator A traveled from the Boston area to Alabama.

i) On or about July 8, 2020, Co-conspirator A accompanied Jeremy Brown to Wade's Pawn Shop in Tuscaloosa County, Alabama.

j) While at Wade's Pawn Shop with Co-Conspirator A on July 8, 2020, Jeremy Brown purchased the following five firearms from Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop:

   i.   a Keltec 9mm pistol bearing serial number AAA627,
   ii.  a Taurus 9mm pistol bearing serial number TMC91151,
   iii. a Taurus 9mm pistol bearing serial number ABE615559,
   iv.  a Taurus 9mm pistol bearing serial number ABE587326, and
   v.   a Taurus 9mm pistol bearing serial number ABE605240.

k) Jeremy Brown facilitated this transaction by knowingly providing materially false information on a Form 4473 indicating that he was the actual buyer/transferee of all of the firearms.

l) After Jeremy Brown received the firearms from the July 8, 2020 purchase, some of them were transferred to **HALEY** and Co-Conspirator A at some point.

m) On or about July 20, 2020, **HALEY** and Co-conspirator A accompanied Jeremy Brown to Wade's Pawn Shop in Tuscaloosa County, Alabama.

n) While at Wade's Pawn Shop with **HALEY** and Co-conspirator A on July 20, 2020, Jeremy Brown purchased the following five firearms from Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop:

    i.   a SCCY 9mm pistol bearing serial number 430214
    ii.   a New England .32 caliber pistol bearing serial number NE005470,
    iii.   a Taurus 9mm pistol bearing serial number ABE583755,
    iv.   a Kahr .40 caliber pistol bearing serial number JN8651, and
    v.   a Taurus .380 caliber pistol bearing serial number 1F056812.

o) Jeremy Brown facilitated this transaction by knowingly providing materially false information on a Form 4473 indicating that he was the actual buyer/transferee of all of these firearms.

p) After Jeremy Brown received the firearms from the July 20, 2020 purchase, they were transferred to **HALEY** and Co-Conspirator A.

q) Later on July 20, 2020, Uniontown police officers found eight of the firearms that Jeremy Brown had purchased in the car with **HALEY** and Co-conspirator A. Some of the firearms were from the July 8, 2020 purchase and some were from the July 20, 2020 purchase. Jeremy Brown was not in the car with **HALEY** and Co-conspirator A.

All in violation of Title 18, United States Code, Section 371.


A TRUE BILL

*/s/ Electronic Signature*
FOREPERSON OF THE GRAND JURY

> PRIM F. ESCALONA
> United States Attorney
>
> */s/ Electronic Signature*
> KRISTY M. PEOPLES
> Assistant United States Attorney
>
> */s/ Electronic Signature*
> DARIUS C. GREENE
> Assistant United States Attorney

> A TRUE COPY
> SHARON N. HARRIS, CLERK
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ALABAMA
>
> BY:
> DEPUTY CLERK

8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 7:21-Cr-304-LSC-SGC |
| | ) | |
| DAYQUAN A. HALEY | ) | |
| Defendant | ) | |

## ORDER

**THIS MATTER** having come before the Court pursuant to the Government's written **MOTION TO SEAL INDICTMENT,** and the Court being fully advised and satisfied, the Court finds that the interests of justice require that the Government's **MOTION TO SEAL INDICTMENT** be **GRANTED.**

**IT IS THEREFORE ORDERED** that the Indictment, Arrest Warrant, all accompanying documents, the Motion to Seal, and this Order in the above-styled and numbered case, are hereby **ORDERED** sealed, except that the District Court shall deliver copies of these documents to the United States Attorney's Office, the United States Marshals Service, and the investigating agency. The United States Marshals Service or the investigating agency that obtained the arrest warrant is authorized to enter the arrest warrant into National Crime Information Center (NCIC).

Upon the arrest of the Defendant, the U.S. Attorney's office shall notify by email the Criminal Help Desk in the Clerk of Court's office that an arrest has

occurred1 and the Indictment shall be **UNSEALED** without further Order from the

Court.

It is so **ORDERED**.

Signed this **28**th day of _____**September**_____, 2021.

_____

U.S. Magistrate Judge

A TRUE COPY
SHARON N. HARRIS, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY: _____
DEPUTY CLERK

---

1 The Criminal Help Desk email address is criminal_helpdesk@alnd.uscourts.gov.